UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Laura Loescher,

Plaintiff,

v.

Minnesota Teamsters Public & Law Enforcement Employees' Union, Local No. 320 and Independent School District No. 831,

Defendants.

Case No. 19-cv-1333 (WMW/BRT)

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

---

Defendants Independent School District No. 831 (School District 831) and Minnesota Teamsters Public & Law Enforcement Employees' Union, Local No. 320 (Local Union 320) move to dismiss Plaintiff Laura Loescher's complaint on alternative grounds: lack of subject-matter jurisdiction or failure to state a claim upon which relief can be granted. (Dkts. 24, 29.) For the reasons addressed below, the Court grants the requested relief.

**BACKGROUND**

Minnesota's Public Employee Labor Relations Act (PELRA) authorizes bargaining units of public employees to elect to be represented exclusively by a labor union for purposes of bargaining with public employers as to terms and conditions of employment. *See* Minn. Stat. § 179A.06, subdiv. 2. To cover the costs of union representation, PELRA authorizes public employers and unions to enter into collective-bargaining agreements that require all represented employees to pay their proportionate share of the costs of

representation, known as the "fair-share fee," regardless of union membership. *Id.* § 179A.07, subdiv. 3. Until 2018, such fair-share fees were constitutionally permissible. *See Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977). Under *Abood*, non-union members could be charged for the portion of union dues attributable to activities that are "germane" to the union's collective-bargaining activities. *Id.* at 235–36. But in 2018 the law changed. The Supreme Court of the United States overruled *Abood*, holding that requiring non-union members to pay union fees as a condition of public employment "violates the First Amendment and cannot continue." *Janus v. Am. Fed'n of State, Cty., & Mun. Emps., Council 31*, 138 S. Ct. 2448, 2486 (2018).

Following the *Janus* decision, Loescher, a Site Manager at Scandia Elementary School in School District 831 and a former member of Local Union 320, brought this action against School District 831 and Local Union 320, alleging violations of her First Amendment rights. Loescher seeks damages and declaratory relief pertaining to the constitutionality and enforcement of the statutory scheme at issue.[1]

Loescher began her employment with School District 831 in August 2015. On February 5, 2016, Loescher became a member of Local Union 320 by signing an "Application and Notice For Membership in Local Union No. 320" (application), which included a "Checkoff Authorization and Assignment" (checkoff authorization). The application included the following language:

1 The facts that follow are taken from Loescher's complaint and accepted as true for purposes of Defendants' motions to dismiss. *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

> I understand that under the current law, I may elect "nonmember" status, and can satisfy any contractual obligation necessary to retain my employment by paying an amount equal to the uniform dues and initiation fee required of members of the Union. I also understand that . . . I may object to paying the pro-rata portion of regular Union dues or fees that are not germane to collective bargaining . . . [and] be entitled to a reduction in fees . . . .

Under the checkoff authorization, Loescher authorized School District 831 to deduct union dues from her wages "each and every month" and to turn over such amounts to Local Union 320. The checkoff authorization provided for an annual period between 60 and 75 days prior to the renewal date of the authorization in which Loescher could revoke this authorization.[2]

Loescher opposed Local Union 320's political advocacy and collective-bargaining activities. But she became a union member, rather than a fee-paying non-member, to avoid losing "her vote and whatever little influence she might have been able to assert in collective-bargaining matters" that membership afforded. During Loescher's membership, School District 831 deducted union dues from Loescher's paychecks in accordance with the checkoff authorization and the collective-bargaining agreement.

On December 3, 2018, Loescher emailed Local Union 320 to resign her union membership and demanded termination of her dues deductions. Loescher resubmitted her request on December 11, 2018. By letter dated December 12, 2018, Local Union 320 acknowledged the termination of Loescher's membership and reminded her of the 15-day

---

2 Because the renewal date of Loescher's authorization was February 5, this 15-day period was between November 22 (75 days before February 5) and December 7 (60 days before February 5) of each subsequent year.

window in which she could revoke her checkoff authorization. On December 17, 2018, Loescher submitted another termination request to Local Union 320 and received a response similar to the December 12, 2018 response. Because Loescher's formal requests to terminate her union membership, dated December 11, 2018, and December 17, 2018, were submitted outside the 15-day revocation window, Local Union 320 refused to process her revocation. As a result, Loescher continued to have union dues deducted from the paychecks she received from School District 831.

On April 14, 2019, Loescher, through counsel, sent a letter to School District 831, demanding that the district cease deducting union dues or fees from her paychecks and refund "all past dues." By letter dated April 25, 2019, School District 831 acknowledged Loescher's request and affirmed that it would no longer deduct any dues from her paychecks. But School District 831 refused to issue Loescher a refund, claiming that all deductions had been turned over to Local Union 320.

One day earlier, in a letter dated April 24, 2019, Local Union 320 accepted Loescher's December 2018 revocation and issued her a refund check in the amount of $225, which reflects the total union dues withheld from Loescher's paychecks between December 2018 and April 2019. Loescher refused to accept the refund check and returned it to Local Union 320 on May 7, 2019.

Two weeks later, on May 21, 2019, Loescher commenced this lawsuit against Local Union 320 and School District 831, alleging two counts under 42 U.S.C. § 1983 and six counts under Minnesota statutes and common law. Count One alleges that Local Union 320 and School District 831 violated Loescher's First Amendment rights, as established by

*Janus*, by deducting union fees from her paychecks *after* she had terminated her union membership (between December 2018 and April 2019). Count Two alleges that Local Union 320 and School District 831 violated her First Amendment rights by deducting union fees from her paychecks *before* she terminated her union membership (between February 2016 and December 2018). Counts Three through Eight allege state-law claims for conversion, unjust enrichment, civil theft, tortious interference with contractual relations, tortious interference with prospective economic advantage, and unlawful wage deduction.

## ANALYSIS

Defendants move to dismiss Loescher's complaint for lack of subject-matter jurisdiction, arguing that Loescher lacks standing to assert her federal claims or those claims are moot, and that this Court should not exercise supplemental jurisdiction over Loescher's state-law claims. *See* Fed. R. Civ. P. 12(b)(1). Defendants also move to dismiss Loescher's complaint for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Standing and mootness implicate a district court's subject-matter jurisdiction, which is a threshold requirement in every federal lawsuit. *See Charleston Hous. Auth. v. U.S. Dep't of Agric.*, 419 F.3d 729, 739 (8th Cir. 2005) (mootness); *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002) (standing). Therefore, the Court begins by addressing Defendants' jurisdictional arguments.

### I. Subject-Matter Jurisdiction

Defendants argue that this Court lacks subject-matter jurisdiction over Loescher's Section 1983 claims (Count One and Count Two) on alternative grounds. Local Union 320 argues that Loescher lacks standing to bring Count One because she has not alleged an

injury in fact and that Loescher's Count One claim has become moot. School District 831 contends that Loescher lacks standing as to both Count One and Count Two because she has not alleged any harm that is traceable to School District 831.

When deciding a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a court "must distinguish between a 'facial attack' and a 'factual attack.' " *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (quoting *Mechaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A facial attack challenges the sufficiency of a plaintiff's pleadings. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015). This challenge requires the district court to determine whether the pleadings allege sufficient facts to support subject-matter jurisdiction. *Id.* In doing so, the court considers the pleadings only, and the nonmoving party receives the same protections that it would receive when defending a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Osborn*, 918 F.2d at 729 n.6. By contrast, a defendant's factual attack challenges the existence of subject-matter jurisdiction. *Branson Label*, 793 F.3d at 914–15. When ruling on a factual attack, the district court considers matters outside the pleadings, and the nonmoving party proceeds without "the benefit of [Rule] 12(b)(6) safeguards." *Osborn*, 918 F.2d at 729 n.6.

Here, Local Union 320 asserts a factual challenge to the Court's subject-matter jurisdiction over Count One, contending that Local Union 320's offer to refund Loescher's dues establishes that Loescher has not suffered an injury in fact or, alternatively, renders Count One of the complaint moot. School District 831, by contrast, asserts a facial challenge to the Court's subject-matter jurisdiction over both Count One and Count Two,

contending that Loescher has not plausibly alleged that she has been harmed by any action that can be fairly traced to School District 831.

**A. Subject-Matter Jurisdiction as to Count One**

Defendants move to dismiss Count One of Loescher's complaint, which seeks relief based on union fees deducted from her paychecks *after* she terminated her union membership in December 2018. Local Union 320 moves for dismissal of Count One on two alternative grounds: lack of standing and mootness. School District 831 also contends that Loescher lacks standing as to Count One. Standing and mootness implicate a district court's subject-matter jurisdiction. *See Charleston Hous. Auth.*, 419 F.3d at 739; *Faibisch*, 304 F.3d at 801.

**1. Prospective Relief**

The jurisdiction of federal courts extends only to actual cases or controversies. U.S. Const. art. III, § 2, cl. 1; *accord Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994). To satisfy the case-or-controversy requirement of Article III, a plaintiff must establish standing as an "indispensable part of the plaintiff's case." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *accord Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012). As a jurisdictional prerequisite, standing must be established before reaching the merits of a lawsuit. *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). When standing is challenged, the party invoking federal subject-matter jurisdiction must establish that the requirements of standing have been satisfied. *Mineta*, 495 F.3d at 569. To meet this standing requirement, the plaintiff must (1) have suffered an injury in fact, (2) establish a causal relationship between the contested

conduct and the alleged injury, and (3) show that a favorable decision would redress the injury. *Lujan*, 504 U.S. at 560–61; *accord Hargis*, 674 F.3d at 790. Standing must exist not only for each claim the plaintiff brings, but also for each form of relief that the plaintiff seeks. *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017).

Local Union 320 argues that Loescher has not alleged an injury in fact to support her claim for prospective relief in Count One. An alleged "injury in fact" must be "concrete, particularized, and either actual or imminent." *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833–34 (8th Cir. 2009) (internal quotation marks omitted). To be particularized, the injury "must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (internal quotation marks omitted). As a plaintiff seeking prospective relief, Loescher must show that she "faces a threat of ongoing or future harm." *Park v. Forest Serv. of the U.S.*, 205 F.3d 1034, 1037 (8th Cir. 2000).

In Count One, Loescher seeks prospective relief with respect to the constitutionality and enforcement of the statutory scheme that enables Defendants to deduct union dues from her paychecks. Local Union 320 counters that, because Loescher is no longer a union member and no dues are being withheld from her paychecks, Loescher suffers no ongoing or imminent threat of injury as to Count One. The parties do not dispute that Defendants stopped withdrawing union dues from Loescher's paychecks in April 2019. And both Local Union 320 and School District 831 provided Loescher written confirmation that they would no longer withhold union dues from her paychecks. Nothing in the complaint or

elsewhere in the record[3] suggests that Loescher's employment has been, or will be, affected by her termination of union membership. Moreover, the parties affirm that no dues have been deducted from Loescher's paychecks since April 2019, and there is no indication that the conduct challenged by Loescher is likely to recur. On this record, Loescher has failed to demonstrate a prospective injury that affects her in a personal and individual way or poses a threat of ongoing or future harm.

Accordingly, Loescher has not established an injury in fact as to her claim for prospective relief in Count One.

**2. Retrospective Relief**

Local Union 320 also argues that Count One is moot as to the monetary relief Loescher seeks because Defendants stopped withdrawing union dues from Loescher's paychecks and offered to refund all dues that were deducted from her paychecks after the termination of her union membership in December 2018.

"Mootness is akin to the doctrine of standing," *Phelps-Roper v. City of Manchester*, 697 F.3d 678, 687 (8th Cir. 2012), but mootness presupposes an actual controversy having once existed, *cf. Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (internal quotation marks omitted)); *Alvarez v. Smith*, 558 U.S. 87, 93 (2009) (concluding that case was moot because the "dispute is *no longer* embedded in any actual

[3] Because Local Union 320 asserts a factual challenge to subject-matter jurisdiction, the Court may consider facts outside the pleadings. *See Osborn*, 918 F.2d at 729 n.6.

controversy about the plaintiffs' particular legal rights" (emphasis added)); *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994) (per curiam) (explaining that a case becomes moot when a court can no longer grant effective relief). Local Union 320 seems to conflate the concepts of mootness and standing, both of which implicate a district court's subject-matter jurisdiction.[4] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Loescher allegedly resigned her union membership on December 3, 2018. Local Union 320 immediately accepted Loescher's resignation but informed Loescher that she was still obligated to pay dues. School District 831 continued to deduct dues from Loescher's pay pursuant to the terms of the Checkoff Authorization, which Loescher acknowledged "is voluntary and is not conditioned on my present or future membership in the Union." The Checkoff Authorization was irrevocable and automatically renewed unless Loescher provided "written notice to the employer *and* the union at least sixty (60) days, but not more than seventy-five (75) days, before any periodic renewal date of this authorization and assignment of my desire to revoke same." (Emphasis added.) Loescher does not allege that she provided written notice to School District 831 within the required 15-day period (between November 22 and December 7). Loescher provided School District 831 written notice for the first time on April 15, 2019, demanding that it stop

[4] "The confusion is understandable, given [the Supreme Court's] repeated statements that the doctrine of mootness can be described as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal quotation marks omitted).

deducting dues from her paycheck. Despite Loescher's demand not occurring within the applicable time period, School District 831 stopped deducting dues from her paycheck thereafter. Local Union 320 subsequently issued a check to Loescher representing dues paid from the date of her resignation. Nonetheless, Loescher proceeded to file this action demanding in Count One of the complaint the same dues Local Union 320 had refunded.

This is not a controversy. Loescher seeks to recover in Count One what Local Union 320 already provided. She does not allege any injury for this Court to redress. When asked at oral argument why Local Union 320's return of dues from December 2018 through April 2019 does not adequately address Loescher's alleged harm, Loescher's counsel argued that the return of dues was inadequate because of the prior injuries she sustained before she attempted to resign and because of the need for prospective relief. But Loescher's alleged prior injuries are the basis of Count Two of the complaint, addressed below. And, as addressed in Part I.A.1. of this Order, Loescher cannot maintain a claim for prospective relief on Count One. Loescher also argued that Count One is not "moot" under the capable-of-repetition-yet-evading-review exception. But "the mootness exception for disputes capable of repetition yet evading review . . . will not revive a dispute [that] became moot before the action commenced." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998) (internal quotation marks omitted).

In summary, Loescher does not present a case or controversy as to any retrospective relief in Count One that Local Union 320 has not already provided.[5] Article III of the

5 At oral argument Loescher's counsel reiterated that the damages she seeks are limited to the dues Loescher paid and that there is no dispute as to damages. Loescher does

Constitution grants the judiciary authority to adjudicate cases and controversies. "In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already, LLC*, 568 U.S. at 90 (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). For these reasons, Count One of the complaint is dismissed without prejudice for lack of subject-matter jurisdiction.[6]

**B. Subject-Matter Jurisdiction as to Count Two**

School District 831 moves to dismiss Count Two of Loescher's complaint, which seeks relief based on union fees deducted from her paychecks *before* she terminated her union membership in December 2018. School District 831 argues that Loescher lacks standing as to Count Two because Loescher has not alleged any harm that is traceable to School District 831.

As addressed above, to have standing, the plaintiff must (1) have suffered an injury in fact, (2) establish a causal relationship between the contested conduct and the alleged injury, and (3) show that a favorable decision would redress the injury. *Lujan*, 504 U.S. at 560–61; *accord Hargis*, 674 F.3d at 790. There is no question that Loescher's allegations satisfy the first and third requirements as to Count Two: Loescher has alleged an economic

---

not argue, for example, that she has not received interest on dues that were deducted from December 2018 through April 2019. *Cf. Sands v. NLRB*, 825 F.3d 778, 782–83 (D.C. Cir. 2016) (concluding that no controversy existed when plaintiff received a refund of labor union dues with interest); *Anastasoff v. United States*, 235 F.3d 1054, 1056 (8th Cir. 2000) (en banc) (explaining that no controversy existed when plaintiff received tax refund with interest). The Court declines to consider whether Loescher has suffered any injuries that she does not allege to have suffered.

[6] In light of this conclusion, the Court does not address Defendants' alternative arguments as they pertain to Count One.

injury—the deduction of union dues from her paychecks prior to December 2018—that could be redressed by a judicial decision directing a refund. *See Janus*, 138 S. Ct. at 2462 (holding that an employee "was injured in fact by [the state's] agency-fee scheme, and his injuries can be redressed by a favorable court decision"). The remaining question, as School District 831 contends, is whether Loescher has established the second standing requirement—a causal relationship between her injury and School District 831's conduct.

To establish a causal relationship between a defendant's conduct and the alleged injury, a plaintiff must allege an injury that is fairly traceable to the defendant's allegedly unlawful conduct and not the result of the independent actions of a third party that is not before the court. *Lujan*, 504 U.S. at 560. But "proximate causation" is not required for Article III standing. *Lexmark Int'l v. Static Control Components, Inc.*, 572 U.S. 118, 134 n.6 (2014). Moreover, the standing inquiry "is not . . . an assessment of the merits of a plaintiff's claim." *Red River Freethinkers v. City of Fargo*, 679 F.3d 1015, 1023 (8th Cir. 2012).

Loescher alleges that she has worked for School District 831 since August 2015. And she asserts that School District 831 extracted money from her and other public employees like her "as a condition of their employment without their affirmative consent." When accepted as true, with all reasonable inferences drawn in Loescher's favor, these allegations establish a causal connection between Loescher's economic injury—the deduction of union dues from her paychecks—and School District 831's alleged conduct—extracting the money and conditioning her employment on the money deducted. That School District 831 may have been acting under Local Union 320's direction or pursuant

to an agreement between School District 831 and Local Union 320 does not change the nature of this causal relationship for standing purposes. A plaintiff is not deprived of standing simply because the alleged facts indicate that the defendant was not the *sole cause* of the plaintiff's injury. *See City of Wyoming v. Proctor & Gamble Co.*, 210 F. Supp. 3d 1137, 1151–52 (D. Minn. 2016) (collecting cases).

Because Loescher's economic injury is fairly traceable to School District 831 and a favorable decision by this Court can redress that injury, Loescher has standing to sue School District 831 with respect to Count Two of her complaint. Accordingly, the Court has subject-matter jurisdiction over Count Two.

## II. Failure to State a Claim

Defendants also move to dismiss Count Two for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

A party's complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a complaint fails to state a claim on which relief can be granted, dismissal is warranted. *See* Fed. R. Civ. P. 12(b)(6). To analyze whether a facially plausible claim has been stated, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). To survive a motion to dismiss pursuant to Rule 12(b)(6), a claim must allege sufficient facts to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic

recitation of the elements of a cause of action." *Id.* at 555. Also, legal conclusions couched as factual allegations may be disregarded. *See Iqbal*, 556 U.S. at 678.

Count Two alleges that Defendants infringed Loescher's First Amendment rights by withholding union dues from her paychecks for the period *before* she terminated her union membership in December 2018. Loescher argues that *Janus* applies retroactively in this case because *Janus*'s holding contains the following language:

> Neither an agency fee *nor any other payment to the union* may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay. By agreeing to pay, nonmembers are waiving their First Amendment rights, and such a waiver cannot be presumed.

138 S. Ct. at 2486 (emphasis added). Relying on this text from *Janus*, Loescher argues that the Supreme Court "broadly held . . . that deduction of agency fees *and* 'any other payment to the union'—which [Loescher] believes includes full dues—without affirmative consent violates the First Amendment." Local Union 320 counters that Loescher's reading of *Janus* erroneously ignores the phrase that immediately follows, which is "from a nonmember's wages."

In *Janus*, the Supreme Court held that First Amendment free-speech rights are violated when a public-sector union forces a non-union member employee to pay fees to a union as a condition of employment. *Id.* In doing so, *Janus* overturned precedent and held that the compulsory collection of fair-share fees from nonmembers could not continue. *Id.* But the *Janus* decision does not address the collection of union dues from union members. *See, e.g.*, *Crockett v. NEA-Alaska*, 367 F. Supp. 3d 996, 1008 (D. Alas. 2019) ("*Janus* says

nothing about people who join a union, agree to pay dues, and then later change their mind about paying union dues." (Internal quotation marks omitted.)); *see also Janus*, 138 S. Ct. at 2485 n.27 (observing that "[s]tates can keep their labor-relations systems exactly as they are—only they cannot force *nonmembers* to subsidize public-sector unions" (emphasis added)).

Nothing in *Janus* suggests that its holding, which expressly pertains to union-related deductions from "a nonmember's wages," should apply to similar collections from a *union member's* wages. And Loescher does not identify any portion of *Janus* or any other legal authority that supports her reading of *Janus*. As such, Loescher's reliance on *Janus* is misplaced and does not establish a cognizable claim to relief.

Loescher nonetheless urges this Court to apply principles of contract law to find that her union membership was a product of duress because she was forced to choose between being a dues-paying union member and being a fair-share-fee-paying non-member. This "Hobson's Choice," she argues, is unconstitutional in light of *Janus*. Under Minnesota law, duress is available as a defense in a contract dispute "when there is coercion by means of physical force or unlawful threats, which destroys one's free will." *St. Louis Park Invs. Co. v. R.L. Johnson Invs. Co.*, 411 N.W.2d 288, 291 (Minn. Ct. App. 1987); *accord Bond v. Charlson*, 374 N.W.2d 423, 428 (Minn. 1985). Minnesota law does not recognize a cause of action for financial duress, however. *See St. Louis Park*, 411 N.W.2d at 291. Nor does Minnesota law recognize a duress defense based on an alleged threat when the defendant is attempting "to enforce a lawful demand[ ] or one which he [or she] *in good*

*faith believes to be lawful*." *Wise v. Midtown Motors*, 42 N.W.2d 404, 407 (Minn. 1950) (emphasis added).

Loescher provides no legal basis for applying a state contract-law defense to affirmatively establish a federal constitutional claim. But even if this contract-law defense were relevant here, it would not support Loescher's position. Loescher does not claim that she applied for union membership because either Local Union 320 or School District 831 threatened her with physical force. She claims, instead, that "she chose to apply for membership in Local [Union] 320 because she would have been forced to continue paying either dues or 'fair-share fees' as a condition of employment, or be terminated." These allegations suggest financial duress, a cause of action that is not recognized under Minnesota law. *See St. Louis Park*, 411 N.W.2d at 291. To the extent these allegations imply a threat by either Local Union 320 or School District 831 to enforce the demand of paying either the dues or fair-share fees, the threat does not constitute duress because the underlying practice was understood to be lawful when the demand was made. *See Wise*, 42 N.W.2d at 407. Moreover, Loescher concedes in the complaint that "she chose to apply for membership in Local [Union] 320 because . . . the difference in money between the full membership dues and the 'fair-share fees' would not have been worth the loss of her vote and whatever little influence she might have been able to assert in collective-bargaining matters." As such, Loescher's decision to apply for union membership was a calculated decision, not the result of a lack of free will. For these reasons, Loescher's duress theory fails as a matter of law.

Accordingly, because Count Two fails to state a claim upon which relief can be granted, Count Two of the complaint is dismissed without prejudice.

**III. Supplemental Jurisdiction over State-Law Claims**

Counts Three through Eight of Loescher's complaint include state-law claims of conversion, unjust enrichment, civil theft, tortious interference with contractual relations, tortious interference with prospective economic advantage, and unlawful wage-deduction. Subject-matter jurisdiction over these state-law claims exists only through this Court's exercise of supplemental jurisdiction.

A district court may decline to exercise supplemental jurisdiction over a plaintiff's state-law claims if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (referring to the decision whether to exercise supplemental jurisdiction after all claims within a district court's original jurisdiction are dismissed as "purely discretionary"). Although a federal district court may exercise supplemental jurisdiction, it should "exercise judicial restraint and avoid state law issues wherever possible." *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990).

When, as here, the "resolution of the remaining claims depends solely on a determination of state law," it is appropriate for a federal district court to decline to exercise supplemental jurisdiction over such claims. *See Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009); *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point

toward declining to exercise jurisdiction over the remaining state-law claims.” (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))). As such, the Court declines to exercise supplemental jurisdiction over the remaining counts in Loescher’s complaint, which are based entirely on Minnesota law.

**ORDER**

Based on the foregoing analysis and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Independent School District No. 831’s motion to dismiss, (Dkt. 24), is **GRANTED**.

2. Defendant Minnesota Teamsters Public & Law Enforcement Employees’ Union, Local No. 320’s motion to dismiss, (Dkt. 29), is **GRANTED**.

3. This case is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 26, 2020

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge